### KALEEL v. STATE OF FLORIDA
Case No. 81-4441
Sixth Judicial Circuit, Appellate Division, Pinellas County
November 19, 1981

H. Shelton Phillips, Kaleel and Kaleel, for appellant.

Darryl Rouson, Assistant State Attorney, for appellee.

MAYNARD F. SWANSON, Circuit Judge.

Oral arguments were heard on November 13, 1981.

In this case appellant was charged in a traffic citation with Failure To Remain At The Scene Of An Accident, for which he was found guilty, adjudicated, and sentenced.

The cardinal question in this appeal is:

Does a defendant in a prosecution for a traffic infraction have the Fifth Amendment right to not incriminate himself or herself?

In this case appellant appeared through counsel at the trial. The trial court then requested counsel to bring appellant personally into the courtroom, which was done. The trial court also required appellant to answer questions posed by the trial court over the objection of appellant's counsel. The only testimony linking appellant to the accident in question was appellant's answers to the trial court's questions after overruling appellant's objection based on Fifth Amendment rights.

In this case the trial court would have been wrong in requiring appellant to personally appear, so long as appellant's counsel was present. However, appellant appeared personally upon the trial court's request to appellant's counsel to produce him and so waived his objection to a personal appearance. This court does not accept appellant's contention that a request by a trial court constitute an order, punishable by contempt, absent some other evidence of the court's intention to do so.

The crucial question in this appeal is the right of a defendant in a trial on a traffic infraction to assert his Fifth Amendment right to remain silent. There is no evidence of appellant's guilt other than his own forced testimony, so the question is posed squarely and must be answered.

In an article entitled "Traffic Infraction: Defendant's Right Against Self-Incrimination", 53 FLORIDA BAR JOURNAL 94, written by the Honorable Jerry R. Parker, this question is discussed in depth with the author concluding that there is no Fifth Amendment right against self-incrimination in a traffic infraction trial, absent some showing of loss of professional career to the defendant. This article is certainly persuasive, though not binding on this court.

No Florida or Federal appellate decisions are available on this precise question, though the appellate courts have gone both ways in related matters. See for example *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489 (1964) (Fifth Amendment rights in any administrative proceeding resulting in loss of livelihood); *State ex rel Vining v. Florida Real Estate Commission*, 281 So.2d 487 (Fla. 1973) (Fifth Amendment right in a license revocation hearing).

A traffic infraction is a form of civil litigation and should be treated as such. A litigant in civil litigation can be compelled to testify against himself or herself and subsequently cn be imprisoned for willfully failing to obey the order of the court. This is exactly what happens in a traffic infraction.

The Fifth Amendment right against self-incrimination was not known at common law and is the result of a value judgment that the person inviolate is more important than truth. Absent a clear indication from the legislative branch of government that it be extended to other than traditional criminal prosecution or by an interpretation by the judicial branch that extends it to other areas (i.e. *Malloy v. Hogan*, supra), the people and the trial courts of this state should be able to anticipate that there is no Fifth Amendment right against self-incrimination in proceedings in which there is no immediate alternative possibility of imprisonment or substantial impairment of professional career (that can be almost as bad as loss of liberty).

Civil litigants have never had the Fifth Amendment right against self-incrimination and no one seriously suggests that our system of civil litigation does not afford substantial justice to the party-litigation. Why now single out one area of civil litigation for such protection? The legislative could have done so when it created traffic infractions, yet did not.

Therefore, this court finds that a defendant in a traffic infraction proceeding has no Fifth Amendment right against self-incrimination.

Accordingly, the judgment and sentence is AFFIRMED.